D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERRY SANDERS,

                    Petitioner,

        -against-

JAMES J. WALSH,

                    Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**04-CV-4013 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Petitioner Terry Sanders' ("Sanders" or "Petitioner") motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from this court's December 29, 2004, Memorandum and Order denying Sanders' petition for writ of habeas corpus as untimely. (Mot. for Relief (Dkt. 8).) For the reasons set forth below, Petitioner's motion is DENIED.

I.      **BACKGROUND**

On February 4, 1994, after a jury trial in state court, Petitioner was found guilty of Murder in the Second Degree and Burglary in the Second Degree in violation of N.Y. Penal Law §§ 125.25[3] and 140.25[a][1]. (Petition (Dkt. 1) at 1.) He was thereafter sentenced to concurrent terms of imprisonment of twenty-five years to life on the murder count and five to fifteen years on the burglary count. (Id.) Sanders' conviction was affirmed on appeal by the Appellate Division of the Second Department on February 16, 1999. See People v. Sanders, 258 A.D.2d 601 (2d Dep't 1999). On June 8, 1999, the Court of Appeals denied Sanders' request for leave to appeal. See People v. Sanders, 93 N.Y.2d 978 (1999).

More than four years later, on September 6, 2004, Sanders filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before this court. Acknowledging that he had not filed his petition within the one-year statute of limitations contained in the Antiterrorism and

1

Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d), Petitioner nonetheless argued that the extraordinary circumstances present in his case warranted equitable tolling of the limitations period. (Petition at 5-12.) Specifically, Sanders alleged that his attorney—who was retained after he had exhausted his state court appeals and shortly before expiration of the limitations period—failed to advise him of the upcoming deadline for filing a habeas petition and then withheld Sanders' legal file for nearly four years, making it impossible for him to file a petition on his own. (Id. at 10.) Relying primarily on the Second Circuit's decision in Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003), Petitioner argued that his attorney's failure to timely file a petition on his behalf justified the application of equitable tolling.

By Memorandum and Order dated December 29, 2004, this court denied the Petition as untimely. (Mem. & Order ("Denial Order") (Dkt. 4).) The court noted that Petitioner's counsel was retained only slightly more than one month before the one-year limitations period expired and that the retainer agreement did not direct the attorney to prepare a habeas petition. While the court acknowledged that Sanders' counsel "could have been more diligent in researching and evaluating the options available to his client at the time he was retained," it nonetheless found that his conduct was not sufficiently egregious to warrant tolling AEDPA's limitations period. (Id. at 3-6.) See Baldayaque, 338 F.3d at 152 ("Attorney error *normally* will not constitute the extraordinary circumstances required to toll the AEDPA limitations period."). As the court previously stated, "Sanders' attorney had little time to act on an issue which was not part of his retainer agreement" and thus his failure to file a petition on Sanders' behalf "does not constitute 'extraordinary' circumstances that merit equitable tolling." (Denial Order at 5.) Further, the court found that Sanders had failed to demonstrate that he displayed reasonable diligence during

the intervening four years between the expiration of the limitations period and the filing of the Petition, as required for equitable tolling. (Id. at 3, 5-6 (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." (citations omitted))).) Petitioner's appeal from the court's denial of the Petition was dismissed by the Second Circuit on July 14, 2005. (Dkt. 7.)

On November 22, 2013, more than eight years after his appeal was dismissed, Sanders filed the instant motion for relief from the court's prior order under Federal Rule of Civil Procedure 60(b)(6). (Aff. in Supp. ("Pet'r Aff.") (Dkt. 9.) Petitioner now argues that because he was not provided with a copy of the trial transcripts in his case before the Petition was denied, "the habeas proceedings lacked integrity" and denied him his "right to proceed pro-se" and to "be heard in a due process fashion." (Id. at 1-2.) Specifically, Petitioner faults the court for not issuing an order that he be provided with the referenced transcripts at no cost as required by 28 U.S.C. §§ 2249 and 2250. (Id.) "Due to the literal reading of the statute," Petitioner argues, he is "entitled to relief." (Id.)

## II. DISCUSSION[1]

Federal Rule of Civil Procedure 60 "allows a party to seek relief from a final judgment and request reopening of his case, under a limited set of circumstances including fraud, mistake,

---

[1] Having reviewed the form and substance of Sanders' motion, the court is satisfied that it has jurisdiction under AEDPA to decide the motion—i.e., the motion is not a second or successive habeas petition. Were the court to grant Sanders' motion, it "would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction." Rodriguez v. Mitchell, 353 F. 3d 191, 198 (2d Cir. 2001). The motion constitutes a "procedural attack directed to 'the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial,'" even though it is "'undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction.'" Claudio v. Portuondo, No. 01-CV-5180 (RJD), 2014 WL 1347185, at *4 (E.D.N.Y. Mar. 31, 2014) (quoting Rodriquez, 353 F.3d at 198-99).

3

and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ;
 (3) fraud[,] . . . , misrepresentation, or misconduct by an opposing party;
 (4) the judgment is void;
 (5) the judgment has been satisfied, released or discharged . . . ; or
 (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). However, such motions are "generally not favored" and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). Plaintiff bears the burden of proving such circumstances, id., though the court will construe his filings liberally in recognition of his pro se status, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

### A. Petitioner's Motion Is Untimely

As a preliminary matter, the court considers whether the instant motion—filed more than eight years after the Second Circuit dismissed Sanders' appeal—is timely. Rule 60(c) provides an "absolute" requirement that motions brought under Rules 60(b)(1), (2), or (3), be brought within one year after entry of the judgment or order being challenged. Fed. R. Civ. P. 60(c)(1); Warren v. Garvin, 219 F.3d 111, 114 (2d Cir.2000). All other Rule 60 motions must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). In the context of a Rule 60(b)(6) motion, such as that now before the court, "[w]hat constitutes a reasonable time . . . will necessarily vary with the particular circumstances of a case." Hom v. Brennan, 840 F. Supp. 2d 576, 581

4

(E.D.N.Y. 2011) (quoting P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp, 151 F.R.D. 32, 35 (S.D.N.Y. 1993)).

On its face, Petitioner's eight-year delay in bringing the instant motion is unreasonable. Sanders' argument for relief rests exclusively on the purported denial of his right to receive a copy of the relevant transcripts of his state court trial. (Pet'r Aff. at 2 (faulting the court for not "directing that [he] receive the transcripts without cost").) He impliedly argues that he was entitled to receive those materials *before* the court issued its December 2004 decision denying the Petition under AEDPA's one-year statute of limitations. Yet Sanders provides no justification or explanation as to why it took over eight years to file the instant motion after the grounds for his collateral attack became apparent. Having considered both the basis of Petitioner's motion and the circumstances of his case more generally, the court concludes that the eight-year delay in this case exceeds the bounds of reasonableness under Rule 60(c)(1) and the motion therefore is denied as untimely.[2]

### B.     Petitioner's Motion Is Otherwise Without Merit

Even if the motion were timely filed, Petitioner has not alleged "extraordinary circumstances" warranting relief under Rule 60(b)(6). See Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief."). Given Petitioner's reference to the federal Constitution and his right to proceed in a

---

[2] See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time."); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (twenty-six month delay in filing Rule 60(b) motion after entry of judgment is unreasonable); Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir.1995) (Rule 60(b)(6) motion filed seventeen months after grounds for motion became apparent was not filed within a "reasonable time"); Hom, 840 F. Supp. 2d at 581-82 (finding five-year delay in bringing Rule 60(b)(6) motion is unreasonable); see also Lee v. Marvel Enters., Inc., 471 F. App'x 14, 15 (2d Cir. 2012) (summary order) (finding five year delay in filing Rule 60 motion is unreasonable); Satterfield v. Pfizer, Inc., 208 F. App'x 59, 61 (2d Cir. 2006) (summary order) (finding four-year delay unreasonable).

"due process fashion," the court also considers whether its prior order was "void" within the meaning Rule 60(b)(4) due to Respondent's failure to provide the relevant transcripts. (Pet'r Aff. at 1-2.) Rule 60(b)(4) provides relief from a void judgment in the "'rare instance' in which a due process violation infects the habeas proceedings." Claudio, 2014 WL 1347185, at *5-6; see United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) ("A judgment is not void, for example, simply because it is or may have been erroneous... Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised... on a violation of due process that deprives a party of notice or the opportunity to be heard." (citations and internal quotation marks omitted)). For the reasons outlined below, however, the court finds that relief is not warranted under either Rule 60(b)(4) or (b)(6).

Petitioner fails to establish the existence of any due process violation in the court's denial of his § 2254 petition. Attacking the "integrity" of the habeas proceeding itself, Sanders argues that the court was required to ensure that the state provided him with relevant trial transcripts under 28 U.S.C. §§ 2249 and 2250. (Pet'r Aff. at 2.) But neither provision cited by Petitioner mandates the provision of trial transcripts prior to dismissal on statute of limitations grounds. Specifically, § 2250 applies only to petitioners proceeding in forma pauperis (which Sanders did not),[3] and § 2249 requires disclosure only of the indictment, plea, and judgment against a petitioner.[4] Nor do Respondent's technical violations of Rule 5 of the Rules Governing Section 2254 Cases in the District Courts of the United States and this court's October 28, 2004, Order to Show Cause (Dkt. 2)—both of which required Respondent to file relevant portions of

---

[3] Section 2250 provides in full: "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250.

[4] Section 2249 provides in relevant part: "On application for a writ of habeas corpus to inquire into the detention of any person pursuant to a judgment of a court of the United States, the respondent shall promptly file with the court certified copies of the indictment, plea of petitioner and the judgment . . . ." 28 U.S.C. § 2249.

the trial transcript with its response to the petition, if available—suffice to warrant relief under Rule 60. By his own admission, however, Sanders did not file his original petition within AEDPA's one-year statute of limitations, and instead argued for equitable tolling based on the misconduct of an attorney he retained *after* his conviction and the exhaustion of his state court appeals. (Petition at 5-12 & Ex. B (retainer agreement dated July 26, 2000).) Accordingly, the transcripts of Sanders' state court trial had no relevance to his equitable tolling arguments or to the court's ultimate decision to deny the Petition as untimely.

In light of these facts, the court cannot conclude that Respondent's failure to provide Petitioner with the relevant trial transcripts was so extreme that it violated his due process rights or amounted to the type of extreme circumstances contemplated by Rule 60(b)(6). As the court noted in Claudio when presented with a similar set of circumstances, "the worst that can be said is that Respondent should have first sought leave of court before filing its motion to dismiss in lieu of an answer conforming with the rules." 2014 WL 1347185, at *5-7. Even if Sanders' motion were timely filed, therefore, he has not set forth sufficient justification for the type of extraordinary relief afforded by Rule 60(b).

## III. CONCLUSION

Petitioner's motion for relief pursuant to Rule 60(b) accordingly is DENIED as untimely, and is otherwise found to be without merit. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                               s/Nicholas G. Garaufis

Dated: Brooklyn, New York                     NICHOLAS G. GARAUFIS
       April 15, 2014                               United States District Judge